**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| Binnacle Brands, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>yiwushimengyichongwuyongpinyouxiangongsi dba PetInstinct,<br><br>Defendant. | CASE NO. _______________<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

**<u>COMPLAINT FOR PATENT INFRINGEMENT</u>**

Plaintiff Binnacle Brands, Inc. ("Binnacle Brands") hereby files this Complaint for Patent Infringement against Defendant yiwushimengyichongwuyongpinyouxiangongsi dba PetInstinct ("PetInstinct"), and hereby alleges, upon information and belief, as follows:

**NATURE OF THE ACTION**

1. This is a civil action for infringement of U.S. Patent Nos. 11,044,886 (the "'886 Patent") (attached as Exhibit 1) and 10,178,852 (the "'852 Patent") (attached as Exhibit 2) (collectively, the "Asserted Patents"), arising under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq.*

2. PetInstinct infringes, directly and/or indirectly, literally and/or by the doctrine of equivalents by developing, making, using, selling, offering for sale, and/or importing into the United States products that practice the claims of the Asserted Patents.

3. Binnacle Brands seeks damages and other relief for PetInstinct's infringement of the Asserted Patents.

## PARTIES

4. Plaintiff Binnacle Brands, Inc., is a Delaware corporation, having an office and place of business at 14293 Sawnee Beach Drive, Fenton, MI 48430.

5. On information and belief, Defendant yiwushimengyichongwuyongpinyouxiangongsi dba PetInstinct is a Chinese company, having its principal place of business at Unit 1402, Entrance 8, Building 1, Xiandai Garden, Beiyuan Subdistrict, Yiwu City, Jinhua City, Zhejiang 322000, China.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over the patent infringement claims in this case pursuant to 28 U.S.C. § 1331 and 1338(a).

7. This Court has personal jurisdiction over PetInstinct consistent with the requirements of the Due Process Clause of the U.S. Constitution and the Long-Arm Statue of the State of Texas. On information and belief, PetInstinct has availed itself of the privilege of conducting and soliciting business within Texas, including in engaging in infringing activities in Texas and within this District, such that it would be reasonable for this Court to exercise jurisdiction consistent with the principles underlying the U.S. Constitution and such that the exercise of jurisdiction by this Court would not offend traditional notions of fair play and substantial justice.

8. On information and belief, PetInstinct, directly or through partners, intermediaries, and/or distribution networks, purposefully and voluntarily placed its products that practice the Asserted Patents in the stream of commerce, with the intention and expectation that they will be purchased and used by consumers in Texas and this District. On information and belief, these products have been and continue to be purchased and used in Texas and this District.

9. By way of example, on information and belief, PetInstinct specifically, purposefully, and voluntarily intends its products to enter Texas's stream of commerce by offering infringing products on Amazon.com and making delivery to Texas and this District available.

10. On information and belief, PetInstinct has derived substantial revenue from infringing acts in this District, including from the sale and use of the Accused Product.

11. In the alternative, this Court has personal jurisdiction over PetInstinct pursuant to Federal Rule of Civil Procedure 4(k)(2). This is because: (a) the claims for patent infringement in this action are claims arising under federal law; (b) PetInstinct is not subject to the jurisdiction of any state's courts of general jurisdiction; and (c) exercising jurisdiction over PetInstinct is consistent with the U.S. Constitution.

12. On information and belief, PetInstinct has purposefully directed sales of the Accused Product at the United States as a whole through its marketing, sales, and distribution. PetInstinct markets and sells Accused Products through Amazon.com, which is accessible from the United States, including from this District.

13. On information and belief, PetInstinct has sold and distributed, and continues to sell and distribute, the Accused Product through Amazon.com to consumers in the United States. By way of example, PetInstinct's Amazon.com site for the Accused Product includes numerous customer reviews from customers in the United States, indicating that those U.S. customers in fact purchased the Accused Product.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3). PetInstinct is organized under the laws of a foreign jurisdiction and is not a resident of the United States. Thus, PetInstinct may be sued in any judicial district.

## BACKGROUND

15. On June 29, 2021, the United States Patent & Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 11,044,886, entitled "Cat Litter Box Mat." The '886 Patent is publicly available. A true and correct copy of the '886 Patent is attached as Exhibit 1.

16. Binnacle Brands is the assignee of all rights, title, and interest in the '886 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers. Accordingly, Binnacle Brands possesses the exclusive right and standing to prosecute this present action for infringement of the '886 Patent.

17. On January 15, 2019, the USPTO duly and legally issued U.S. patent No. 10,178,852, entitled "Cat Litter Box Mat." The '852 Patent is publicly available. A true and correct copy of the '852 Patent is attached as Exhibit 2.

18. Binnacle Brands is the assignee of all rights, title, and interest in the '852 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers. Accordingly, Binnacle Brands possesses the exclusive right and standing to prosecute this present action for infringement of the '852 Patent.

19. The Asserted Patents relate to novel and inventive pet litter box mats.

20. Pet litter box mats help collect cat litter that adheres to the paws of cats after they use the litter box.

21. One disadvantage with previous litter box mats is that the wall thickness for the grids to collect cat litter must be sufficiently large which in turn reduces the size of the holes formed by the grid walls. This reduces the overall amount of area on the cat litter pad to receive and channel cat litter, reducing the efficiency of removing the litter from cat paws.

22. Conversely, reducing the wall thickness of the grid results in a cat litter pad that is too flimsy and subject to rapid wear and tear.

23. Another problem with previous cat litter mats is that they were made up of material that soaks up cat urine and results in an undesirable odor.

24. The present inventions solve these and other problems with previous cat litter mats.

25. The present inventions are generally rectangular in shape and formed from an elastomeric material. They contain two generally planar layers, an upper layer and lower layer. The upper layer is disposed over and overlies the lower layer.

26. The upper layer comprises a grid forming a plurality of openings from the top and to the bottom of the upper layer. Unlike previous cat litter mats, the openings, which are generally hexagonal in shape, taper inwardly from the top and to the bottom of the upper layer. This effectively increases the overall area of the openings and maximizes the amount of litter removed from cat paws. However, because the bottom of the holes is thicker, the overall cat litter mat enjoys a durability that equals or exceeds previously known mats.

27. Defendant PetInstinct sells the PetInstinct Cat Litter Mat, Double Layer Honeycomb Litter Box Mat ("Accused Product") online through at least Amazon.com. *See* https://www.amazon.com/Petinstinct-Litter-24x18-Inches-Black/dp/B0D9B5SN95?ref_=ast_adsp_cpl_dp&th=1.

28. The Accused Product is a double layer honeycomb litter box mat, advertised as producing efficient litter box trapping, easy to clean, waterproof, and non-slip.

29. The Accused Product is available in various sizes, including 20x14 inches, 24x18 inches, 30x22 inches, and 46x26 inches, and various colors.

30. Defendant sells the Accused Product under various Amazon Standard Identification Numbers ("ASIN"), including B0D9B5SN95, B0CJNM2SNH, B0CJNMMR5Q, B0D2H5RZP3, B0D44XYMRS, B0D458YDW9, B0D459ZQN3, B0D45C83XV, B0D96CD77H, B0D96DPYCS, B0D96DQJC6, B0D96F1QV7, B0F2H9J84X, B0F2HBVGKW, B0F2HBZHKZ, B0F2HCRB3V, B0F2HDN3RD, B0F2HFXDL3, B0F3BSTQZJ, B0F3BWZLBL, B0F3C4DHCK, B0F9WHXYQ7, B0F9WKHHLP, B0F9WM1SKD, B0F9WM8C61, B0F9WMKG98, B0F9WMKMT7, and B0F9WNRXY6.

**COUNT I**
**(Infringement of U.S. Patent No. 11,044,886)**

31. Binnacle Brands incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. The USPTO duly and legally issued the '886 Patent. All rights, title, and interest in the '886 Patent have been assigned to Binnacle Brands.

33. The '886 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

34. Binnacle Brands or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '886 Patent. Binnacle Brands has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

35. PetInstinct has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the '886 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the '886 Patent, including but not limited to the Accused

Product, such as the Cat Litter Mat, Double Layer Honeycomb Litter Box Mat, in violation of 35 U.S.C. § 271(a).

36. A claim chart applying independent claim 15 of the ’886 Patent to an exemplary infringing Accused Product is attached as Exhibit 3, which is incorporated herein.

37. On information and belief, at least as of the filing date of this Complaint and with knowledge of the ’886 Patent and its infringement thereof, PetInstinct has indirectly infringed and continues to indirectly infringe the ’886 Patent in violation of 35 U.S.C. § 271(b). PetInstinct has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the ’886 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Product with knowledge and specific intent to cause that infringement.

38. PetInstinct’s direct and/or indirect infringement have been without license from Binnacle Brands, and PetInstinct’s acts have damaged Binnacle Brands. Binnacle Brands is entitled to recover the damages it has sustained as a result of PetInstinct’s wrongful acts in an amount to be proven at trial.

39. PetInstinct’s direct and/or indirect infringement of Binnacle Brands ’886 Patent have been willful.

**COUNT II**
**(Infringement of U.S. Patent No. 10,178,852)**

40. Binnacle Brands incorporates by reference the foregoing paragraphs as if fully set forth herein.

41. The USPTO duly and legally issued the ’852 Patent. All rights, title, and interest in the ’852 Patent have been assigned to Binnacle Brands.

42. The ’852 Patent is valid, enforceable, and was dully issued in full compliance with Title 35 of the United States Code.

43. Binnacle Brands or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’852 Patent. Binnacle Brands has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

44. PetInstinct has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the ’852 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States products that embody one or more of the inventions claimed in the ’852 Patent, including but not limited to the Accused Product, such as the Cat Litter Mat, Double Layer Honeycomb Litter Box Mat, in violation of 35 U.S.C. § 271(a).

45. A claim chart applying independent claim 1 of the ’852 Patent to an exemplary infringing Accused Product is attached as Exhibit 4.

46. On information and belief, at least as of the filing date of this Complaint and with knowledge of the ’852 Patent and its infringement thereof, PetInstinct has indirectly infringed and continues to indirectly infringe the ’852 Patent in violation of 35 U.S.C. § 271(b). PetInstinct has actively induced product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the ’852 Patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Product with knowledge and specific intent to cause that infringement.

47. PetInstinct's direct and/or indirect infringement have been without license from Binnacle Brands, and PetInstinct's acts have damaged Binnacle Brands. Binnacle Brands is entitled to recover the damages it has sustained as a result of PetInstinct's wrongful acts in an amount to be proven at trial.

48. PetInstinct's direct and/or indirect infringement of Binnacle Brands '852 Patent have been willful.

## JURY DEMAND

49. Binnacle Brands demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Binnacle Brands respectfully prays for relief against Defendant PetInstinct as follows:

a. A judgment in favor of Binnacle Brands that PetInstinct has infringed the Asserted Patents directly or indirectly, literally and/or under the doctrine of equivalents;

b. A judgment in favor of Binnacle Brands that PetInstinct's infringement of the Asserted Patents is willful and continues to be willful;

c. An award of damages in favor of Binnacle Brands adequate to compensate Binnacle Brands for PetInstinct's infringement of the Asserted Patents which shall in no event be less than a reasonable royalty, together with interest and cost as fixed by the Court pursuant to 35 U.S.C. § 284;

d. An award of enhanced damages in favor of Binnacle Brands against PetInstinct for up to three times the award of actual damages for PetInstinct's willful infringement of the Asserted Patents pursuant to 35 U.S.C. § 284;

e. A permanent injunction in favor of Binnacle Brands against PetInstinct enjoining PetInstinct, its officers, agents, employees, and others acting in privity, from further infringement of at least the Asserted Patents;

f. An award of an ongoing royalty for PetInstinct's post-judgment infringement in the event a permanent injunction is not granted;

g. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law in an amount deemed just and appropriate by the Court;

h. An award of costs and expenses as deemed appropriate by the Court; and

i. Any and all other legal or equitable relief to which Binnacle Brands may be entitled.

Dated: September 28, 2026

/s/ *S. Calvin Capshaw*

S. Calvin Capshaw
TX State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
TX State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX, L.L.P.
114 East Commerce Avenue
Gladewater, TX 75647
Telephone: (903) 845-5770

Brian N. Platt (Utah #17099) – LEAD ATTORNEY
bplatt@wnlaw.com
Timothy D. Nichols (Utah #12610)
tnichols@wnlaw.com
Ryan C. Morris (Utah #19019)
rmorris@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800

*Counsel for Plaintiff Binnacle Brands, Inc.*